(5 App. Div. 175.)

SOCIETE DES HUILES D'OLIVE DE NICE v. RORKE.

(Supreme Court, Appellate Division, First Department. May 8, 1896.)

TRADE-MARK—INJUNCTION—EXCLUSIVE PROPERTY—SUFFICIENCY OF EVIDENCE.
    In an action to restrain defendant from selling olive oil under a label claimed as plaintiff's exclusive trade-mark, it appeared that plaintiff is a corporation duly organized under the laws of France; that it granted a sole and exclusive agency for the United States and Canada to D. & Co., for a term of five years; that D. & Co. devised a label to be used on the bottles in which the oil was shipped to them; that plaintiff caused these labels to be made, and to each invoice was added a charge for labels, at the rate of two francs a hundred; that, under this label, D. & Co. sold the oil under their own name, and at their own prices and terms; that plaintiff's name did not appear on the label; and that it was nowhere stated that the oil sold thereunder was plaintiff's. Held, that the trademark belonged to D. & Co., and that, after the termination of the contract of agency, plaintiff had no exclusive property therein which would support a bill to restrain its use by parties other than plaintiff's agents.

Appeal from special term, New York county.

Action by the Société des Huiles d'Olive de Nice against James Rorke to restrain the sale of olive oil under a label claimed as

plaintiff's exclusive trade-mark. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before VAN, BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

George Putnam Smith, for appellant.

George A. Strong, for respondent.

INGRAHAM, J. The action is brought to restrain this defendant from preparing, putting up, selling, or offering for sale imitations of the plaintiff's olive oil, or using a certain trade-mark described in the complaint, or any imitation of the label or trade-mark of the plaintiff. The plaintiff is a corporation duly organized under the laws of France, and the complaint alleges that it is, and has been for a long period, the manufacturer and vendor of olive oil, which, for six years past, has been offered for sale, and sold, in packages and bottles, which bottles were labeled with plaintiff's own proper device and trade-mark, a drawing of which is set out in full in the complaint; that the defendant is selling oil manufactured by persons other than the plaintiff, and that such oil °is put up in bottles and packages in imitation of plaintiff's, having a nearly similar label to that of the plaintiff, a drawing of which is also set out in the complaint.[1]

To sustain this cause of action, it was necessary for the plaintiff to prove that the trade-mark or label, the use or imitation of which the action was brought to enjoin, was the plaintiff's trade-mark, invented and used by the plaintiff to designate its goods, and to the use of which it had the sole and exclusive right. In this respect the plaintiff's proof fails. It is true that by the letter of July 22, 1886, one Audemard, who was the manufacturer of the oil, and who subsequently transferred his business to the plaintiff, in terms grants to Thomas N. Dwyer & Co. "the sole and exclusive agency for the United States of America and Canada, for the sale of my olive oils, upon the following terms and conditions." The terms were that the oil was to be invoiced to Dwyer & Co., and payments were to be made by them by forwarding exchange on Paris to cover the amounts of such invoices. The agreement was to last for five years, with the privilege to Dwyer & Co. to renew the same for a further period of five years; Audemard agreeing that during that time he would not sell, give, or dispose of in any manner, directly or indirectly, any of his oils for shipment to the United States of America or Canada, or for sale or use in either of those countries. It appears that subsequently, in 1889, the corporation (the plaintiff) was organized; that the contract with Dwyer & Co. was transferred to such corporation by Audemard; that at that time the contract was modified by an obligation on behalf of Dwyer & Co. that they would sell no oils and waters except the oils of the Société des Huiles d'Olive de Nice, under the brand of Thomas N. Dwyer & Co.; and that publicity was to be made of the brand of the plaintiff's oil.

---

[1] For facsimiles of these labels, see Société v. Rorke (Sup.) 31 N. Y. Supp. 51.

Under these contracts, Audemard continued to ship oils to the United States; and, after he transferred his business to the plaintiff, the plaintiff continued to sell oils to Dwyer & Co.

Felix Audemard was examined as a witness under commission, and testified that the first shipments of oil consigned to Dwyer & Co. were made through the agency of the house of E. Normandin & Co.; that the oil was shipped to Normandin & Co., and was by them bottled, and the label put on the bottles, and the bottled oil shipped to Dwyer & Co., but in October, 1886, the oil was shipped directly by Audemard to Dwyer & Co. At that time, Normandin delivered a parcel of labels and capsules which, prior to that time, had been placed upon the bottles in which this olive oil purchased from Audemard had been shipped to Dwyer & Co. It seems that this label had been devised by Dwyer & Co., and sent to Normandin & Co., to be used upon the bottles in which the oil was shipped; and, after E. Normandin & Co.'s agency ceased, the labels were sent to Audemard, and he subsequently placed the oil in bottles, and annexed the label thereto. The first direct shipment by Audemard was made on the 14th of August, 1886. Audemard and the plaintiff caused these labels to be made, and on each shipment charged Dwyer & Co. for the amount they cost, at two francs a hundred; and to each invoice there was added to the price of the oil the price of the bot- tles, corks, capsules, and labels, with the cost of bottling and packing. Audemard further testified that the plaintiff had never had an agent in the United States. Upon this label neither Audemard's name nor that of the plaintiff is mentioned, nor is it anywhere stated that the oil sold under this label is the oil of the plaintiff. There is no evidence that Dwyer & Co. advertised the oil sold under this label as the plaintiff's oil, or that it became known to the trade or the public as oil of the plaintiff's manufacture. There is no evidence that the plaintiff sold any oil to any one as their oil under this label, except such oil as was shipped to Dwyer & Co., and which Dwyer & Co. sold under their own name, at such prices as suited them, and upon such terms as they desired. Under their contract with the plaintiffs, they paid them for each shipment of oil according to the quantity sold, with the expenses of bottling it, putting on these labels, and properly preparing it for sale.

We think it quite clear that, on the termination of this contract between plaintiff and Dwyer & Co., this trade-mark belonged to Dwyer & Co., and not to the plaintiff; and that the plaintiff could not, by appointing another agent, have used the trade-mark to sell their oil through such other agent, and enjoined Dwyer & Co. from using it upon oil purchased by them, either from plaintiff or from any one else. We think, therefore, that the plaintiff failed to prove that the trade-mark, an infringement of which is sought to be restrained in this action, is the trade-mark of the plaintiff, or that the plaintiff had any property therein.

The judgment was right, and should be affirmed, with costs. All concur.