JENKINS, Circuit Judge
(after stating the facts as above). We entertain no doubt that the term “No-To-Bac” is an arbitrary term which may be appropriated as a trade-mark and that it has been so appropriated by the appellant here. Nor do we doubt that the term “Baco-Curo” is also an arbitrary term, which may be, and has been, appropriated by the defendant. We do not think that these terms are idem sonans, or that the one infringes the other. The test is whether the supposed infringing article is so dressed that it is likely to deceive persons of ordinary intelligence, in the exercise of the slight care ordinarily bestowed, purchasing an article, to mistake one man’s good for the goods of another. It is elementary that one may not exclusively appropriate the size and shape of a package. The ordinary form of a tobacco box in common use in many portions of the country was appropriately adopted by complainant for a supposed remedy for the tobacco habit, but the complainant has no right to its exclusive use. The fact of such use by another in me manufacture and sale of a similar compound for the like purpose may be a circumstance which enters into the question of unfair trade, which we are not now considering. The labels here are prominently dissimilar in color, and are not likely to be mistaken by one who has been accustomed to the use of the remedy. The same is true with respect to the tablets or lozenges. They are in marked contrast in color, size, thickness, weight, odor, and lettering. Indeed, there is no evidence in this record, nor is it .seriously contended, that any one who had used the one compound had ever been misled, or is likely to be misled, to purchase the other. This is met on the part of the appellant by the suggestion that the article is a guarantied cure for a particular purpose, and, once employed, it will never be employed again, whether it cures or not; that its use as a remedy, if it be all that is claimed for it, does not conduce to repeated sales to the same person; and that from its nature the public loses the opportunity to familiarize itself with, the appearance of the package. This may be true, and yet the fact could not alter the law of trade-marks, in which light we are now considering the case. The distinctions here are so glaring that we are unable to say that a proposing purchaser exercising only the slight care which is required would be likely to select one article for the other. Nor does the evidence establish that a purchaser has been so mistaken.
In Pillsbury v. Mills Co., 24 U. S. App. 395, 12 C. C. A. 432, and 64 Fed. 841, we had occasion to consider at length the subject of unfair competition in trade, and to declare the principle upon which the doctrine rests. We there said that no man had a right to dress himself in the colors adopted by another for the purpose of palming off his goods as the goods of that other. It only remains to determine whether the evidence here brings this case within the principle declared. *108 It is perhaps unfortunate that this cause should have been submitted by stipulation upon ex parte affidavits, which are far from satisfactory. Standard Elevator Co. v. Crane Elevator Co., 9 U. S. App. 556, 559, 6 C. C. A. 100, and 56 Fed. 718. The part of the stipulation so providing does not seem to be characterized with the caution and worldly wisdom which marks the remainder of the stipulation that no evidence should be introduced tending to show that the so-called “remedies” in question are known as “quack medicines,” or tending to. show the efficiency of these remedies. We have carefully considered the evidence, and are not satisfied that within the doctrine established there can here be said to be unfair competition in trade. Having reached the conclusion that the alleged infringing article is not likely, by reason of similarity in dress, to be taken by an intending purchaser for the tablets sold by the appellant, there remains but little to be said upon this branch of the case, because deception of the public must be present, and is the chief element in the problem. Ho one, of course, has the right unfairly to appropriate another’s business and good will. It is, however, true that competition is the life of trade, and that legitimate competition should be encouraged for the public good. The evidence here establishes that the form of this box is in use in the trade of the druggist for a variety of articles; that the easel or rack which was adopted was likewise in general use for the display of articles, and that the use of it had been discontinued by the complainant. There would seem to have been a few instances of confusion, such as the sending of letters by druggists intended for one party to the other. Such mistakes occur in every business, and are not sufficient to indicate that there was here intentional or actual piracy upon the rights of the complainant. That a retail dealer might supply an intending purchaser, ignorant of the peculiar dressing of either, with the one remedy when the other was demanded or desired, does not establish a case of piracy. That might result from the act, ignorant or willful, of the retail dealer, without the. knowledge or concurrence of the proprietor of the article; or it might come about from inattention by the proposing purchaser in respect to the particular manufacture he desired. With respect to articles placed upon the market for sale, it is only when the one article is dressed so as to represent the other, and to deceive a proposing purchaser as being that other, that there can be said to be a case of unfair trade. It would not be profitable to enter into any extended examination of this testimony. It is sufficient to say that both parties have the right to embark in this trade; each has the right to put forth every legitimate elfort to increase its sales, even at the expense of its rival, so long as it refrains from representing itself as the rival concern, or from representing its goods as the goods of the rival concern. There is no evidence that the defendant has ever so represented or sold its goods, or that it has “knowingly put into the hands of the retail dealers the means of deceiving the ultimate purchasers.” It rests its right to patronage upon the supposed efficiency of its compound, and because of the fact that, in contradistinction to its rival, it insists that during the time of taking the supposed remedy the patient should not discontinue the use of tobacco; the complainant requiring that he should. In this, we think, the defendant has the decided advantage, because *109 it does not insist upon the exercise of the will, but cures, or professes to cure, in despite of the will. Therein it strikes “a great popular chord,” in that it enables one to indulge a habit of which he desires to be rid while partaking of the cure. An easy road to health will always be as popular as an easy road to wealth. This consideration, coupled with judicious advertising, may possibly account for the alleged large sales of the remedy of the appellee and the alleged diminished sales of the remedy of the appellant. At all events, this is a distinguishing characteristic claimed for the remedy of the appellee that brings into bold relief the fact that the appellee is a rival of the appellant, and not a counterfeiter of its goods. We think the court below was not in error in dismissing the bill.
Decree affirmed.