POTTER DRUG & CHEMICAL CORP. v. PASFIELD SOAP CO.

(Circuit Court of Appeals, Second Circuit. February 7, 1901.)

No. 82.

TRADE-MARKS—INJUNCTION.

Complainant was proprietor of the word "Cuticura" as a trade-mark for a toilet soap. Defendant placed on the market a soap which it called "Cuticle." There was nothing in the box, wrapper, or general get-up of the package which tended in any way to induce the purchaser of the latter soap to believe that he was purchasing the former. *Held* insufficient to authorize injunction at suit of complainant.[1]

Appeal from the Circuit Court of the United States for the Eastern District of New York.

This cause comes here upon appeal from a decree of the circuit court, Eastern district of New York, dismissing a bill in equity to

[1] Unfair competition in trade, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.

restrain defendant from selling soap which, it is alleged, wrongfully simulated complainant's soap.

J. E. Maynadier, for appellant.
Noah Tebbetts, for appellee.

Before LACOMBE and SHIPMAN, Circuit Judges.

PER CURIAM. The complainant manufactures a soap which it calls "Cuticura Soap." The same has been advertised at considerable expense, and has become somewhat widely and favorably known. Defendant sells a soap which it calls "Cuticle Soap." The opinion of the circuit court sets forth in minute detail the manner in which the soaps of the respective parties are prepared for the market,— how they are put up, wrapped, lettered, etc. It is unnecessary to repeat this description. The opinion may be found in 102 Fed. 490. We have little doubt that in selecting a name which began with the first five letters of that applied to complainant's soap, and which referred, as that did, to the skin, the defendant had some expectation that he might succeed in effecting some sales, at least, on the strength of complainant's advertising; and if we were able to find anything in box, wrapper, lettering, or general get-up of the package which might tend in any way to produce confusion in the mind of the purchaser, we should not hesitate to grant the relief prayed for. But this element of attempted deceptive resemblance, usually prominent, and, when prominent, controlling (Sterling Remedy Co. v. Eureka Chemical & Mfg. Co., 25 C. C. A. 314, 80 Fed. 105; Proctor & Gamble Co. v. Globe Refining Co., 34 C. C. A. 405, 92 Fed. 357), is wholly wanting, and its absence is not supplemented by any proof that the use of the first five letters of complainant's trade-word is in itself sufficient to mislead. Under these circumstances, we concur in the conclusion of the circuit court. Decree affirmed, with costs.