ELLIOTT VARNISH CO. v. SEARS, ROEBUCK & CO.

(District Court, N. D. Illinois, E. D. March 26, 1915.)

No. 248.

1. TRADE-MARKS AND TRADE-NAMES ☞8—WORDS SUBJECT TO APPROPRIATION.

The registered trade-mark "Roof Leak," used in connection with roof paint, was valid.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 12; Dec. Dig. ☞8.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. TRADE-MARKS AND TRADE-NAMES ☞59—INFRINGEMENT—SIMILARITY OF NAMES.

The registered trade-mark "Roof Leak," used in connection with sales of roof paint, was infringed by the use of the words "Never Leak" in connection with sales of a similar paint, as they suggested the same idea.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 68–72; Dec. Dig. ☞59.]

3. TRADE-MARKS AND TRADE-NAMES ☞40—CONTRACT FOR USE OF TRADE-MARK—TERMINATION.

Where complainant, selling paint under the trade-mark "Roof Leak," contracted for a sale of its product by defendant, a mail order house, under the name of "Never Leak," defendant's right to use the words "Never Leak" did not outlast the contract, which had no further operation from the time it ceased to order complainant's product.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 45; Dec. Dig. ☞40.]

In Equity. Suit by the Elliott Varnish Company against Sears, Roebuck & Co. Decree for complainant.

Walter H. Chamberlin, of Chicago, Ill., for complainant.
Miller & Chindahl and Lincoln B. Smith, all of Chicago, Ill., for defendant.

SANBORN, District Judge. This is a suit brought on a registered trade-mark for "Roof Leak." Jurisdiction also exists by reason of diverse citizenship, the amount in dispute also being in excess of $3,000, exclusive of interest and costs. The evidence shows that complainant has spent a very large sum, probably $50,000, in advertising the material covered by the trade-mark, and has sold it to jobbers throughout the country in large quantities. Defendant, a mail order house in Chicago, Ill., is selling a roof paint under the name of "Never Leak," and this is alleged to be an infringement.

It appears that in March, 1909, complainant and defendant made a verbal contract with each other for the sale by defendant of complainant's product by the name of "Never Leak," and under this arrangement defendant sold the same for a short time, and then discontinued ordering further supplies of paint from complainant, but continued to use the trade-name "Never Leak" in its catalogue to advertise paint supplied by other persons. There was no agreement between the parties that the defendant should have any right to use the words "Never Leak" upon any goods other than those furnished by complainant.

[1] I think the trade-mark is valid, under the cases cited in Hopkins on Trade-Marks, 96, among which the following have been sustained: "Cream," referring to baking powder; "Snowflake," referring to crackers or bread; "Anti-Washboard," suggesting soap; "Bacco Curo" and "No To Bac"; "Baffle," referring to safes; "Balm of a Thousand Flowers," a cosmetic; "Slate," a roof paint; and "Swandown," a face powder.

[2, 3] "Never Leak" obviously suggests the same idea as "Roof Leak," when applied to a paint, and I think it is an undoubted in-

fringement. The use made of the words "Never Leak" by the defendant with complainant's consent did not outlast the verbal contract between them, which had no further operation from the time defendant ceased to order complainant's product. The case of Société des Huiles d'Olive v. Rorke, 5 App. Div. 175, 39 N. Y. Supp. 28; Id., 82 Hun, 611, 31 N. Y. Supp. 51,[1] does not establish any different rule.

There should be a decree establishing complainant's exclusive right to the use of the words "Roof Leak," or any words of similar import, as a trade-mark for liquid roofing paint or coating, that the defendant has infringed such trade-mark by the use of the words "Never Leak" and by simulating the labels and advertising matter of the complainant, and for a permanent injunction, damages, and costs, as prayed for in the bill of complaint.

---

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 82 Hun, 611.