### BLOCK et al. v. JUNG ARCH BRACE CO.*

(Circuit Court of Appeals, Sixth Circuit. July 2, 1924.) .

No. 4022.

1. **Trade-marks and trade-names and unfair competition ⬅⟹59(5)—Use of words "wonder" and "miracle" held not to infringe trade-mark "wizard."**

    Where label and dress of package were quite dissimilar, defendant's use of words "wonder" and "miracle" on elastic arch supports *held* not to infringe plaintiff's trade-mark "wizard," used on an adjustable leather insert placed in shoes to support fallen arches.

2. **Trade-marks and trade-names and unfair competition ⬅⟹57—Colorable imitation of mark held "infringement."**

    "Infringement" of a trade-mark consists in unauthorized use or colorable imitation of the mark already appropriated by another, on goods of a similar class.

    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Infringement.]

3. **Trade-marks and trade-names and unfair competition ⬅⟹70(3)—Elements necessary to constitute infringement, where there is no identity of names, stated.**

    To constitute infringement, where there is no identity of names respectively appropriated for use, there must be such similarity in sound or appearance, or in dress of goods, as will cause confusion in minds of public as to source of manufacture.

4. **Trade-marks and trade-names and unfair competition ⬅⟹70(1)—When use of single word may infringe trade-mark consisting of different word stated.**

    Where there is similarity of sound and appearance of trade-mark, or in dress of goods, use of one word may constitute infringement of entirely different word.

Appeal from the District Court of the United States for the Southern District of Ohio; Smith Hickenlooper, Judge.

Suit by Alexander E. Block and the Wizard Foot Appliance Company against the Jung Arch Brace Company. From a decree denying an injunction, plaintiffs appeal. Affirmed.

James L. Hopkins, of St. Louis, Mo. (Dickerson & Dickerson, of Cincinnati, Ohio, on the brief), for appellants.

Walter F. Murray, of Cincinnati, Ohio, for appellee.

Before DENISON, MACK, and DONAHUE, Circuit Judges.

---

⬅⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Certiorari denied 266 U. S. —, 45 Sup. Ct. 99, 69 L. Ed. —.

PER CURIAM. [1] The situation is fully stated in Judge Hickenlooper's opinion, the decisive portion of which we quote below:

"This cause comes for hearing upon a motion for preliminary injunction against the use by the defendant of the words 'Wonder' and 'Miracle' upon elastic arch supports, as infringing the plaintiffs' registered trade-mark 'Wizard.' While the goods of both plaintiffs and defendant serve somewhat the same purposes, that of supporting or strengthening the fallen arch in the foot of the wearer, they are of very different type, material, and appearance. The plaintiffs' support consists of an adjustable leather insert to be placed in the shoe, while the defendant's consists of an elastic band fitting over the instep and passing under and supporting the arch. Nor are the respective trade-marks in any wise similar in appearance. The plaintiffs' trade-mark consists of the word 'Wizard' in large letters, tapering in size toward both ends, and beneath, in smaller letters, the word 'lightfoot,' immediately above a winged reproduction of the inverse side of the support superimposed upon an outline of the sole of a foot. Defendant's label consists of the words 'Jung's Arch Brace' in column with the word 'Wonder' ('Miracle') between the word 'Jung's,' and 'Arch' and the technical trademark of the defendant, the symbol of a foot wearing the elastic support and surrounded by a circle, between the words 'Arch' and 'Brace.' The words 'Wonder' and 'Miracle' are used, as distinguishing between different designs and sizes. Nor is the dress of the package in which the goods are contained in any wise similar. Not only is there no apparent attempt upon the part of the defendant to simulate the appearance of the plaintiffs' container, but such containers are so different in appearance as to conclusively negative any such intention upon defendant's part.

"Under the foregoing facts, the plaintiffs' right to relief, if any, depends upon the right to appropriate, by registration [adoption] of trade-mark, the exclusive right to use of all words implying supernatural origin or abnormal or magical source, and plaintiffs' argument goes to this extent. Thus 'Wonder' is said to infringe the trade-mark 'Wizard,' because a 'Wizard' is a 'wonder worker'; 'Miracle' is said to infringe because it is 'a wonder.' By like process of reasoning, an infringement could be predicated upon the use of the words 'conjurer,' 'magician,' 'sorcerer,' 'alchemist,' 'spiritualist,' and many other words having no similarity in appearance or sound. This we conceive to be inconsistent with both reason and precedent.

[2] "Infringement of a trade-mark consists in the unauthorized use or colorable imitation of the mark already appropriated by another, upon goods of a similar class. In Canal Co. v. Clark, 13 Wall. 311, 322 (20 L. Ed. 581) the court, after calling attention to the fact that 'property in a trade-mark, or rather in the use of a trade-mark or name, has very little analogy to that which exists in copyrights, or in patents or inventions,' and to the fact that it is not necessary that a trade-name should be a new creation, says: 'It is invariably held that the essence of the wrong consists in the sale of the goods of one manufacturer or vendor as those of another, and that it is only when this false representation is directly or indirectly made that the party who appeals to a court of equity can have relief.' In the case of A. Leschen & Sons Rope Co. v. Broderick & Bascom Rope Co. (C. C.) 123 Fed. 149, 150, the court says: 'The equity entitling the owner of a trade-mark to an injunction to restrain infringement consists in the irreparable damage done the owner by so simulating his trade-mark as to impose on the public and palm off the infringer's goods as and for those of the owner.'

[3, 4] "Without identity in the names respectively appropriated for use, there must be such similarity in sound or appearance, or in the dress of the goods, as will cause confusion in the minds of the public as to the source of manufacture of the articles. Where this similarity in sound or appearance of the trade-mark, or in the dress of the goods, appears, there is no doubt that the use of one word may be held to infringe a trade-mark consisting of an entirely different word. But this is not due merely to similarity of meaning, but rather to the principles prohibiting unfair competition. It is the public that is to be protected, and the final criterion seems always to be whether there is

likelihood of deception of the public and the substitution of the goods of the defendant for those of the plaintiff. This doctrine underlies practically all of the decided cases.

"Plaintiff relies upon the case of Wonder Mfg. Co. v. Block, 249 Fed. 748, 161 C. C. A. 658, as establishing the doctrine that the use of the word 'Wonder' is an infringement upon the trade-mark 'Wizard,' without regard to the general appearance of the label or dress of the package. It is true that the court says: 'The word "Wonder," upon goods identical in appearance with the plaintiff's goods, conveys the same idea as does the word "Wizard," and its use is an infringement.' But it is to be noted that the court limits such infringement to cases of use 'upon goods identical in appearance,' and an inspection of the affidavit of Walter A. Scott in the instant case adds force to the contention of the defendant for limited application of the language of the court. It is also to be noted that, while the court there cites the case of National Biscuit Co. v. Baker (C. C.) 95 Fed. 135, where it is held that, because of similarity in construction and suggestion, the word 'Iwanta' infringes the trade-mark 'Uneeda,' yet the court also bases its holding upon the cases of Aluminum Cooking Utensil Co. v. National Aluminum Works (D. C.) 226 Fed. 815, in which it is distinctly held that 'Everlasting' does not infringe 'Wearever,' upon the case of Florence Mfg. Co. v. J. C. Dowd & Co., 178 Fed. 73, 101 C. C. A. 565, in which it is held that 'Sta-Kleen' does not infringe 'Keepclean,' and the case of Daniel O'Donnell v. Riscal Mfg. Co. (D. C.) 228 Fed. 127, where it is held that 'Nevermiss' infringes 'Notamiss,' but solely upon the ground that the names for trade purposes are so much alike that their use would constitute unfair competition.

"In no case to which we have been cited, unless it is the case of Wonder Mfg. Co. v. Block, supra, is the mere similarity of meaning held to constitute an infringement, apart from the question of unfair competition arising from similarity in sound, appearance, or dress of the parcel. And we know of no such case unless it be the rather unsatisfactory opinion of Judge A. L. Sanborn in Elliott Varnish Co. v. Sears, Roebuck & Co. (D. C.) 221 Fed. 797. It is true that 'No-Hole' was held to infringe 'Holeproof' in Holeproof Hosiery Co. v. Fitts (C. C.) 167 Fed. 378, but in that case also there was a slavish imitation of the box, guaranty, coupons, directions for exchange of hose, and other details of dress. This position is further emphasized by the case of Proctor & Gamble Co. v. Globe Refining Co. (C. C. A. 6) 92 Fed. 357, 34 C. C. A. 405, where Judge Severens says: 'The cardinal rule upon the subject is that no one shall, by imitation or any unfair device, induce the public to believe that the goods he offers for sale are the goods of another, and thereby appropriate to himself the value of the reputation which the other has acquired for his own products or merchandise. * * * In other words, one cannot make an exclusive appropriation of words or marks which he puts upon his goods, and which simply indicate their superiority or popularity, or universality in use, and no more. If he could, he might thus absorb a privilege which is common to all'—citing Corbin v. Gould, 133 U. S. 308, 10 Sup. Ct. 312, 33 L. Ed. 611; Coats v. Thread Co., 149 U. S. 562, 13 Sup. Ct. 966, 37 L. Ed. 847; Lawrence Mfg. Co. v. Tennessee Mfg. Co., 138 U. S. 537, 11 Sup. Ct. 396, 34 L. Ed. 997. This case distinctly holds that, apart from similarity of dress, 'Everybody's Soap' does not infringe the registered trade-mark of 'Every Day Soap.' Thus, also, it has been held that 'No-To-Bac' is not infringed by 'Baco-Curo.' Sterling Remedy Co. v. Eureka Chemical & Mfg. Co. (C. C. A. 7) 80 Fed. 105, 25 C. C. A. 314, and many other cases to like effect, could be cited. Mere similarity of meaning alone is not enough to constitute infringement, especially where such meaning is at all descriptive of the goods.

"Suffice it to say in the instant case that, the goods being so different in method of use and appearance, and the labels and dress of the package being so dissimilar as to lead to no possible confusion, it is inconceivable that the public could have been misled by having the defendant's merchandise substituted, upon application for that of the plaintiffs', or that any of the doctrines against unfair competition could have been violated; and the words 'Wonder' and 'Miracle' are intended and understood to be, in a sense, descriptive of the goods. The prayer for injunction must therefore be denied."

While an identity in meaning, or even an analogy therein, between the trade-mark word and the claimed infringing word, may well make out a case of deception by unfair competition, when taken in connection with other evidence, which alone would be insufficient, yet we are not aware of any authority which justifies finding infringement of a technical trade-mark from such analogy or identity only, unaccompanied by substantial similarity in appearance, display or sound, and we are not satisfied that any principle justifies the extension of the rule to such a case. We approve Judge Hickenlooper's conclusions.

The decree is affirmed.