## SAXLEHNER *v.* WAGNER.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SIXTH CIRCUIT.

No. 81.    Argued January 17, 1910.—Decided February 21, 1910.

The right to individual appropriation once lost is gone forever.

Where a geographic or family name becomes the name for a natural water coming from a more or less extensive district, all are free to try to imitate it, and the owners of one of such natural springs cannot prevent the sale of an artificial water as being similar to that of the natural spring, where there is no attempt to deceive the public as to its being artificial.

Hunyadi is now in effect a geographical expression and the owners of the Hunyadi Janos Springs cannot prevent the sale of artificial Hunyadi water where there is no deception of the public as to its being an imitation.

157 Fed. Rep. 745, affirmed.

THE facts, which involve the right of the owners of the Hunyadi Janos Springs to enjoin the sale of artificial Hunyadi water, are stated in the opinion.

*Mr. Antonio Knauth* and *Mr. John G. Johnson* for petitioner:

Petitioner has always been solicitous in suppressing the use of the Hunyadi name on any artificial products. See *Hunyadi Case*, 179 U. S. 19; *Flower Mills Co. v. Eagle*, 86 Fed. Rep. 608; *Thackeray v. Saxlehner*, 125 Fed. Rep. 911.

Appellees' manufactured product is not artificial Hunyadi water. See work of Count Maillard de Marafy, cited in *Singer Mfg. Co. v. June Co.*, 163 U. S. 169, 199.

Appellees' labels and advertisements are untruthful and designed to reap the benefits of complainant's reputation; if the word Hunyadi shall be allowed to the defendants, the door will be opened to wholesale fraud.

The name of a spring and the water bottled therefrom is protected, according to principles applied to trade-marks in general. *Congress Spring Co. v. High Rock Congress Spring Co.*, 45 N. Y. 291; *Apollinaris Co. v. Scherer*, 27 Fed. Rep. 18; *Hill v. Lockwood*, 32 Fed. Rep. 389; *Dunbar v. Glenn*, 42 Wisconsin, 118; *Carlsbad v. Thackeray*, 57 Fed. Rep. 18; *Northcutt v. Turney* (Ky.), 41 S. W. Rep. 21; *Hunyadi Cases*, 179 U. S. 19.

Such names, as can be properly called geographical names, can only be legally used by those whose products come from the geographical region in question. *Newman v. Alvord*, 51 N. Y. 189; *A. F. Pike Mfg. Co. v. Cleveland Stone Co.*, 35 Fed. Rep. 896; *Pillsbury v. Eagle*, 86 Fed. Rep. 608; *Anheuser v. Miller*, 87 Fed. Rep. 864; *California Fruit Canners' Assn. v. Myer*, 104 Fed. Rep. 82; *Am. Watch Co. v. U. S. Watch Co.*, 173 Massachusetts, 85; *Morgan Envelope Co. v. Walton*, 82 Fed. Rep. 469; *Key West Cigar Assn. v. Rosenbloom*, 171 Fed. Rep. 296; *Siegert v. Gandolfi* (C. C. A.), 149 Fed. Rep. 100.

A proprietary interest in the terms or symbols used is not

essential to the maintenance of any suit to enjoin the misuse of these terms or symbols. An interest in the good-will of the business or any other property threatened by such misuse is sufficient to entitle the plaintiff to an injunction. *Cohen v. Nagle*, 76 N. E. Rep. 276, 279; *Scriven v. North,* 134 Fed. Rep. 366, 376; *Collinsplatt v. Finlayson,* 88 Fed. Rep. 693; *Draper v. Skerrett*, 116 Fed. Rep. 206; *Shaver v. Heller*, 108 Fed. Rep. 821, 832; *Manitowoc v. Wm. Numsen,* 93 Fed. Rep. 196.

It is no defense that the full name "Hunyadi Janos" was dropped from the defendants' labels before the bringing of the suit. *Saxlehner v. Eisner,* 147 Fed. Rep. 189; *India Rubber Co. v. Rubber Comb Co.*, 45 N. Y. Super. Ct. 258; *Low v. Hart*, 90 N. Y. 457; *Plant Co. v. May Mercantile Co.*, 153 Fed. Rep. 229; *Hutchinson v. Blumberg*, 51 Fed. Rep. 829.

Even if appellees may use the word "Hunyadi" with proper correctives and explanatives, sufficient care has not been taken to distinguish. "Hunyadi" is emphasized. "Wagner" and "Artificial" are inconspicuous on the label and in advertising. Both are omitted in the price list. The distinctions are insufficient. *Fuller v. Huff,* 104 Fed. Rep. 141; *Hansen v. Siegel Cooper Co.*, 106 Fed. Rep. 691, 692; *Menendez v. Holt*, 128 U. S. 514, 521; *Shaver v. Heller*, 108 Fed. Rep. 821, 833; *Carlsbad v. Schultz*, 78 Fed. Rep. 469; *Baker v. Slack*, 130 Fed. Rep. 514.

That others have infringed is no defense. *Singer Mfg. Co. v. June Mfg. Co.*, 163 U. S. 169; *Taylor v. Carpenter*, 3 Story, 458; and see 2 Wood & M. 21.

The fact, even if proven, that the artificial product of appellees is better than the genuine natural water is no justification for calling it spurious "Hunyadi." The public is entitled to the very thing it expects and cannot be deceived even for its own benefit. *Singer Co. v. Loog*, 8 App. Cas. 29; *Coats v. Holbrook*, 2 Sand. Chan. 586; *Pillsbury v. Pillsbury Co.*, 64 Fed. Rep. 841; *McLean v. Fleming,* 96 U. S. 245, 252; *Cleveland Stone Co. v. Wallace*, 52 Fed. Rep. 431.

Where a manifest liability to deception exists in defend-

ant's use of plaintiff's trade name, even though there be no
strict trade-mark right involved therein, it is not necessary
to bring proof of an actual deception. *Manufacturing Co.* v.
*Trainer,* 101 U. S. 51; *Taendsticksfabriks* v. *Myers,* 139 N. Y.
364; *Fuller* v. *Huff,* 104 Fed. Rep. 141; *City of Carlsbad* v.
*Kutnow,* 71 Fed. Rep. 167; *Biscuit Co.* v. *Baker,* 95 Fed. Rep.
135; *Lee* v. *Haley,* 5 Chan. App. 155; *North Cheshire &c. Brew-
ing Co.* v. *Manchester Brewery Co.* (1889), App. Cas. 83; *Am.
Waltham Watch Co.* v. *U. S. Watch Co.,* 173 Massachusetts, 85;
*Lawrence Mfg. Co.* v. *Tennessee Mfg. Co.,* 138 U. S. 537; *Coats*
v. *Merrick Thread Co.,* 149 U. S. 562, and *Elgin Nat. Watch Co.*
v. *Illinois Watch Co.,* 179 U. S. 665, do not militate against
this rule, nor is the law established in this country different
from that applied in England on this point.

*Mr. Walter F. Murray* for respondents:

This court in the case of *Saxlehner* v. *Eisner & Mendelson
Co.,* 179 U. S. 19, 38, decided that the complainant has lost
her title to the word "Hunyadi" as a trade-mark. *Menendez*
v. *Holt,* 128 U. S. 514; *Saxlehner* v. *Nielsen,* 179 U. S. 45;
*La Republic Française* v. *Saratoga Vichy Springs,* 191 U. S.
426; *Moore* v. *Auwell,* 172 Fed. Rep. 508, 513.

Where the alleged infringers of a trade-mark have been
using it under a show of right, or in the absence of fraud,
neglect of the owner of the right to pursue the infringers,
if continued for a long period of time will cause the mark to
become public property. This will be the case, especially
where the infringers are numerous. *Virginia Hot Springs* v.
*Hageman & Co.,* 138 Fed. Rep. 855; *S. C.,* aff'd 144 Fed. Rep.
1023; *La Republique Française* v. *Schultz,* 102 Fed. Rep. 154;
*Ford* v. *Foster,* L. R. 7 Ch. 628; *Rowland* v. *Michell,* 13 R. P. C.
457; *S. C.,* 14 R. P. C. 37; *Ripley* v. *Baudey,* 14 R. P. C. 591;
*Hyde & Co.'s Trade-mark,* 7 C. D. 724; Sebastian on Trade-
Marks, 4th ed., 202; *Manufacturing Co.* v. *Williams,* 68
Fed. Rep. 489; *N. Y. Grape Sugar Co.* v. *Buffalo Grape Sugar
Co.,* 18 Fed. Rep. 638; *Wyeth* v. *Stone,* Fed. Cas. No. 18,107;

*Coats* v. *Thread Co.,* 149 U. S. 562. Analogous cases are
found in reports referring to patent rights. *Woodmansee &
Hewitt Co.* v. *Williams,* 68 Fed. Rep. 489; *Leggett* v. *The
Standard Oil Co.,* 149 U. S. 285.

A trade-mark in "Hunyadi" could not be held in common.
by various owners of Hungarian springs, the waters of which
were sold competitively in the United States. *Del. & H.
Canal Co.* v. *Clark,* 13 Wall. 311, 328; *Columbia Mill Co.* v.
*Alcorn,* 150 U. S. 460, 463; *Lawrence Mfg. Co.* v. *Tennessee
Mfg. Co.,* 138 U. S. 537, 549.

It is incumbent upon complainant to show that defendants
have sold their products as that of the complainant. Cases
*supra* and *Canal Co.* v. *Clark,* 13 Wall. 311; *Lawrence Mfg.
Co.* v. *Tennessee Mfg. Co.,* 138 U. S. 537; *Coats* v. *Am. Thread
Co.,* 149 U. S. 562; *Nat. Elgin Watch Co.* v. *Ill. Watch Co.,* 179
U. S. 665; *French Republic* v. *Saratoga Vichy,* 191 U. S. 427;
*Howe Scale Co.* v. *Wyckoff, Seamans & Co.,* 198 U. S. 118;
*La Republique Française* v. *Schultz,* 94 Fed. Rep. 500.

Deception of the public, as to the ingredients of an article
of merchandise, is not unfair competition in trade, and is not
actionable at the suit of a private individual or group of such
individuals, in the absence of legislation. *American Wash-
board Co.* v. *Saginaw Mfg. Co.,* 103 Fed. Rep. 281; *New York
& R. Cement Co.* v. *Coplay Cement Co.,* 44 Fed. Rep. 277;
*Worden & Co.* v. *California Fig Syrup Co.,* 187 U. S. 517, 527.

Defendants have not deceived the public about the in-
gredients of their artificial "Hunyadi."

Defendants have insisted, before the public in all their
literature and advertisements, that artificial mineral waters
are better than the natural mineral waters.

Mr. Justice Holmes delivered the opinion of the court.

The petitioner is the owner of wells in Budapest from which
comes the water known throughout the world by the arbitrary
name Hunyadi Janos given to it by her husband. The

respondents make a bitter water in Cincinnati and label it "W. T. Wagner's Sons Carbonated Artificial Hunyadi Conforming to Fresenius Analysis of Hunyadi Janos Springs." Formerly they for a time labeled it "W. T. Wagner's Sons Artificial Hunyadi Janos. Ofen Bitter Water. Highly Aerated," but this label had been given up before the bill was brought. The petitioner seeks an injunction against the use of either 'Hunyadi Janos' or 'Hunyadi' on any water not coming from her wells. The Circuit Court of Appeals for the Seventh Circuit in a more or less similar case granted an injunction against the use of the word Hunyadi. *Thackeray* v. *Saxlehner*, 125 Fed. Rep. 911; *S. C.*, 60 C. C. A. 562. In the present suit the Circuit Court and the Circuit Court of Appeals, treating the right of the petitioners to 'Hunyadi Janos' as admitted, refused an injunction against the use of 'Hunyadi,' and finding that no unfair competition was shown dismissed the bill. 157 Fed. Rep. 745; *S. C.*, 85 C. C. A. 321. A writ of certiorari was allowed by this court.

We see no reason for disturbing the finding of the courts below that there was no unfair competition and no fraud. The real intent of the plaintiff's bill, it seems to us, is to extend the monopoly of such trade-mark or trade name as she may have to a monopoly of her type of bitter water, by preventing manufacturers from telling the public in a way that will be understood what they are copying and trying to sell. But the plaintiff has no patent for the water, and the defendants have a right to reproduce it as nearly as they can. They have a right to tell the public what they are doing and to get whatever share they can in the popularity of the water by advertising that they are trying to make the same article and think that they succeed. If they do not convey, but, on the contrary, exclude the notion that they are selling the plaintiff's goods, it is a strong proposition that when the article has a well-known name they have not the right to explain by that name what they imitate. By doing so they are not trying to get the good will of the name, but the good

will of the goods.  See *Flagg Manufacturing Co.* v. *Holway*,
178 Massachusetts, 83, 91; *Chadwick* v. *Covell*, 151 Massa-
chusetts, 190, 191.    Although the application is different,
the principle seems to be similar to the rule that when a
patent has expired descriptive words or even an arbitrary
or personal name by which it has become known may be used
if sufficient precautions are taken to prevent the public from
being deceived.    See *Singer Manufacturing Co.* v. *June
Manufacturing Co.*, 163 U. S. 169.

The plaintiff says that no one can succeed in imitating a
natural water.    But all are free to try.    In the absence of
some fraud injurious to the plaintiff, it would be going far
under any circumstances to allow her to prevent advertising
"Artificial Hunyadi."    But it is enough to say that under
the decision in *Saxlehner* v. *Eisner & Mendelson Co.*, 179
U. S. 19, 36, the defendants may do so in this case.    In that
decision it was said that 'Hunyadi,' as applied to similar
water, had been public property in Hungary, and therefore
had become so here, and that a later change there would not
work a corresponding change in the United States.    'The
right to individual appropriation once lost 'is gone forever.'
See also *French Republic* v. *Saratoga Vichy Co.*, 191 U. S.
427, 437.    At the very least the family name has become the
name for any natural water of a certain type coming from a
more or less extensive district, if not from anywhere in
Hungary.    It does not belong to the plaintiff alone in this
country, even if she is the only one now sending the water
here.    But if there is any well-founded doubt as to the right
to use a personal trade name with proper guards against
deception to signify what one is imitating where one has the
right to imitate, there can be none that one is at liberty to
refer to a geographical expression to signify the source of
one's model.    'Hunyadi' at best is now only a geographical
expression in effect.

*Decree affirmed.*