## MOLINE PRESSED STEEL CO. v. DAYTON TOY & SPECIALTY CO.

## DAYTON TOY & SPECIALTY CO. v. MOLINE PRESSED STEEL CO.

Circuit Court of Appeals, Sixth Circuit.
January 18, 1929.

Nos. 5073, 5074.

William H. Haight, of Chicago, Ill., and D. W. Iddings, of Dayton, Ohio (Haight, Adcock & Banning, of Chicago, Ill., D. W. & A. S. Iddings, of Dayton, Ohio, and George I. Haight, of Chicago, Ill., on the brief), for Steel Company.

William Mills Matthews, of Dayton, Ohio (Matthews & Matthews and Edwin P. Matthews, all of Dayton, Ohio, on the brief), for Toy Company.

Before MOORMAN, HICKS, and KNAPPEN, Circuit Judges.

MOORMAN, Circuit Judge. Appeals from a decree sustaining in part and overruling in part a motion to dismiss a bill in equity. The bill, as amended, alleged that since 1921 plaintiff had been engaged in manufacturing and selling toy vehicles and devices throughout the United States; that at the time of the filing of the bill it was selling thirty different toy vehicles; that these toys were of larger size, heavier materials, and were better finished and more expensive than any similar hand-operated toys theretofore sold in the United States; that they were known as "Buddy-L" toys, and that one of the plaintiff's best sellers was a dump truck, which was known as a "Buddy-L" dump truck; that it was a miniature replica of an actual device, and similarly proportioned; that it was sold under distinctive marks and colors, having the name "Buddy-L" on its radiator and having a hood, fender, and seat all painted black, with wheels of the disc type painted red; that defendant, in order to deprive plaintiff of its business and trade in these toys, and particularly in its dump trucks, "commenced the selling and has offered for sale dump trucks simulating the plaintiff's said dump truck heretofore sold by the plaintiff throughout the United States,"

the defendant's trucks being "so constructed and conformed and painted and having such general appearance" as to lead the ordinary purchaser of toy trucks to believe that it is the Buddy-L dump truck sold by the plaintiff. It was further alleged that in order to deceive the public, and in infringement of plaintiff's rights in the word "Buddy-L," the defendant had placed the word "Sonny" upon the radiator of its truck; that it had offered to sell its truck at a less price than that at which plaintiff was selling its truck; and that it had sent out circulars and advertisements claiming that its truck was a new idea, all in pursuance of its plan to injure plaintiff's business.

It was further alleged that with like intent to deprive plaintiff of its business and infringe upon its rights, defendant was putting on the market and advertising to the trade a toy wagon bearing the name "Buddy" upon it, and thus further infringing upon plaintiff's established trade name of "Buddy-L" used by it in connection with its various toys.

On defendant's motion so much of the bill was dismissed as alleged unfair competition resulting from defendant's use of the word "Sonny," or from its imitating the plaintiff's toy miniature replicas of actual vehicles. The motion was overruled as to so much of the bill as alleged infringement of plaintiff's trade-mark "Buddy-L" by the use of the word "Buddy" by defendant upon its toy wagons, but the order recited that as there was only a technical infringement in that respect, without any of the characteristics of unfair competition or without damage to plaintiff, and further that as defendant had discontinued the use of such word in connection with its product and did not desire to plead further, it was ordered that no accounting for profits or damages be allowed, but that a perpetual injunction issue enjoining and restraining defendant from further using the word or its equivalent upon any of the toys which it was making.

It appears from the averments to which we have referred that there are two aspects to plaintiff's complaint of the use of the name "Sonny": One is limited to the name itself as it may or may not be taken for plaintiff's trade-name, "Buddy-L"; the other includes the additional consideration of location on the truck. As to the first, it seems sufficient to say that while each of the names suggests a small boy, there is no such similarity in appearance or sound between the two as would likely result in the confusion of one with the other. The allegations as to the other go no

further than to say that defendant has placed the name on the radiator of its truck, which is the same place that the name "Buddy-L" is put upon plaintiff's truck. It is not alleged that it is unusual so to locate the name on the actual device, or that in doing it here the defendant imitated plaintiff's lettering or background. There must be resemblance, and no facts showing resemblance were alleged. Hence there was no unfair practice on this account. Block v. Brace Co. (6 C. C. A.) 300 F. 308; Liggett & M. T. Co. v. Finzer, 128 U. S. 182, 9 S. Ct. 60, 32 L. Ed. 395.

 We do not go into the question of defendant's prices and methods of advertisement. The bill is too indefinite on those points to merit consideration. It is also indefinite in its statements of fact concerning the size, conformation, and coloring of defendant's truck. It is fairly to be inferred, though, from what is averred, that defendant's truck is the same size and conformation as plaintiff's; that it is like plaintiff's in coloring—that the hood, fenders and seat are painted black and the wheels are painted red; and that both have and were intended to have the appearance of a real truck, in color and otherwise.

Plaintiff was admittedly the first to make a miniature truck identical in appearance with an actual device. In doing this it acted under a right that belonged to and is still open to the public. It acquired no patent rights in its structure, and claims none. So defendant may also make and sell such trucks. It may not use on its trucks any unique design or coloring, lacking functional utility, which has become identified with plaintiff's product. It may use any forms, colors, or copied details that plaintiff uses which give the device the appearance of the model.[1] In using them, as it does, it is seeking the good will, not of plaintiff's device, but of the thing which both are copying. See Saxlehner v. Wagner, 216 U. S. 375, 30 S. Ct. 298, 54 L. Ed. 525. Defendant has no right to use the name "Buddy-L" or its equivalent. That is the trade-mark of plaintiff. It does have the right to use the name "Sonny," which neither in sound nor appearance is likely to be confused with Buddy-L. That it

places this name on the radiator of its device, so far as the bill alleges facts to show, is nothing but a detail in the general scheme which both it and plaintiff have followed in seeking identity of appearance with the model.

 The other article which defendant manufactures and sells is a toy wagon. It places the name "Buddy" on its wagon. It is alleged that plaintiff has acquired a technical trade-name in the word "Buddy-L," and although it is not alleged that plaintiff makes a toy wagon, it has the right, we think, to extend its business to and to use its trade-name in the manufacture of that kind of toy. The judgment recites that defendant has ceased using the name "Buddy," but as that does not appear in the bill, we cannot consider it. The use of the name on defendant's wagon was an infringement of plaintiff's name "Buddy-L," and after the court below so held, defendant was given leave to plead further. As it refused to do so, the court properly issued the injunction. It was not alleged that plaintiff had already suffered any computable damages from the infringement. Therefore it was rightly ordered that there be no accounting.

The judgment is affirmed.

[1] Compare Globe-Wernicke Co. v. Macey Co. (6 C. C. A.) 119 F. 696; Rathbone v. Champion (6 C. C. A.) 189 F. 26, 37 L. R. A. (N. S.) 258; Hilker Co. v. U. S. Co. (6 C. C. A.) 191 F. 613; Coca-Cola v. Gay-Ola (6 C. C. A.) 200 F. 720; Samson Co. v. Puritan Co. (6 C. C. A.) 211 F. 603, L. R. A. 1915F, 1107; Wagner v. Meccano (6 C. C. A.) 246 F. 603; Upjohn Co. v. Merrell (6 C. C. A.) 269 F. 209.