DURLAN, Inc. et al. v. NEWMAN et al.

No. 13637.

United States District Court
E. D. New York.

Sept. 2, 1953.

578

Nims, Martin, Halliday, Whitman & Williamson, New York City, for plaintiffs, Harry D. Nims, Walter J. Halliday and George R. Mosher, New York City, of counsel.

Harry Price, New York City, for defendants.

RAYFIEL, District Judge.

The plaintiffs have moved for a preliminary injunction, enjoining and restraining the defendants from manufacturing or selling certain toys specifically referred to and described in the notice of motion and the complaint herein, and for other and additional relief more fully stated in said notice.

Both plaintiffs and defendants are engaged in the manufacture and sale of miniature replicas of automobiles of the period between 1900 and 1910. The automobiles, consisting of many parts, are sold unassembled. The plaintiffs' product is packed in cardboard boxes and the defendants' in both cardboard boxes and cellophane bags.

It is the claim of the plaintiffs that the defendants are guilty of unfair competition in that their automobiles, as to size, color and general appearance, are virtually, if not actually, copies of the plaintiffs'. They further contend that the boxes in which the defendants' product is packaged are identical in size with, and the pictures thereon duplicates of those of the plaintiffs. Similar claims are made with respect to the circulars containing instructions for assembling the automobiles.

The design and appearance of the automobiles of which the miniatures are copies, outmoded for many years, have long since passed into the public domain and may be freely copied. Moline Pressed Steel Co. v. Dayton, Toy & Specialty Co., 6 Cir., 30 F.2d 16; Moline Pressed Steel Co. v. Davis & Voetsch, 2 Cir., 21 F.2d 577.

As hereinabove stated, both plaintiffs' and defendants' models are sold unassembled and are packed in cardboard boxes. The prospective purchaser does not see the assembled automobile. A careful examination of the boxes discloses many points of dissimilarity between them. The plaintiffs' is yellow, with black and red lettering, contains the name "Highway Pioneers" on a yellow rectangular background, and bears likenesses of the automobiles in the same colors as when assembled. The defendants' is red, with yellow and white lettering, contains the name "Premier Old Time Autos" on a black oval background, and the likenesses of automobiles appearing thereon are all of the same colors, yellow and black. The arrangement of the lettering and photographs differs substantially. In addition, the defendants also pack and display their product in cellophane bags, a method of merchandising not used by the plaintiffs.

I find nothing in the moving papers to show that prospective customers have been deceived by the similarity of the merchandise or containers into buying the defendants' product instead of the plaintiffs'. The claim is made in one of the supporting affidavits that *clerks* in several stores handling the product have been confused. That may have been salesmanship rather than confusion.

Absent proof of actual deceit or confusion of prospective customers, the following test may then be applied: Would an ordinary observer, interested in purchasing an article of this kind, be deceived into buying the defendants' product when he had intended to buy the plaintiffs'? Because of the many dissimilarities hereinabove referred to, I do not think so. See Fischer v. Blank, 138 N.Y. 244, 33 N.E. 1040; Florence Manufacturing v. Dowd, 2 Cir., 178 F. 73.

Accordingly the motion for a preliminary injunction is denied.

Settle order on notice.