### VIAVI CO. v. VIMEDIA CO. et al.*

(Circuit Court of Appeals, Eighth Circuit. September 3, 1917.)

#### No. 4800.

1. TRADE-MARKS AND TRADE-NAMES ⬤⇒59(5)—IMITATION OF NAMES—DESCRIPTIVE WORDS.

The words "cerate," "capsules," "suppositories," "tablets," "liquid," "laxative," and "pencils," as applied to proprietary medicines, are not subject to exclusive appropriation as trade-names; and hence, where plaintiff sold such medicines as "Viavi Capsules," "Viavi Suppositories," etc., defendants' manufacture and sale of similar medicines as "Vimedia Capsules," "Vimedia Suppositories," etc., was not an imitation of plaintiff's names.

2. TRADE-MARK AND TRADE-NAMES ⬤⇒59(5)—IMITATION—NAMES OF ARTICLES.

Where plaintiff sold a proprietary medicine as "Viavi Royal," defendants' sale of a medical preparation as "Vimedia Sovereign" was not a deceptive imitation; the words "sovereign" and "royal" being distinct in form and suggestion.

3. TRADE-MARKS AND TRADE-NAMES ⬤⇒70(1)—UNFAIR COMPETITION—IMITATION.

It was not unfair competition for a manufacturer and seller of proprietary medicines to use books, charts, circulars, and printed forms having a general resemblance to those of another, in the same business, as to contents, such as anatomical plates, description of diseases and symptoms, and advice to the sick; such material being common in the domain of

---

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the proprietary medicine business, and no one having a monopoly of these forms of expression.

4. TRADE-MARKS AND TRADE-NAMES ☞77—UNFAIR COMPETITION—INTERFERENCE WITH BUSINESS.

It was not unfair competition for a manufacturer and seller of proprietary medicines to solicit and offer inducements and persuasions to the customers and agents of a competitor to become its customers and agents, where no contract relations were threatened.

·5. TRADE-MARKS AND TRADE-NAMES ☞70(1)—UNFAIR COMPETITION—IMITATION.

In the absence of such a monopoly as a patent confers, any person may reproduce the proprietary medicines of another, and sell them under representations that they are the same article, if not sold as such other manufacturer's goods.

6. TRADE-MARKS AND TRADE-NAMES ☞70(4)—IMITATION—PACKAGES AND LABELS.

Neither the use of the same colors nor of the same form of containing vessels, cartons, or labels constitutes unfair competition, when such features are in common use in the trade, especially when they serve purposes of utility, convenience, or attraction.

7. TRADE-MARKS AND TRADE-NAMES ☞70(4)—IMITATION—PACKAGES AND LABELS.

Defendant used bottles, boxes, and tins for its proprietary medicines similar to those of plaintiff, and inclosed them in cartons having a general correspondence in form and color, and the labels were of similar sizes and colors and had the same general style of letters. The forms of the containers, however, were such as were naturally suggested by the necessities of the business, and the colors presented no unusual characteristics. Plaintiff's engraved scrolls and symbols were not copied, and its tradename, "Viavi," did not appear on defendants' articles, while its own trade-name, "Vimedia," was constantly repeated and printed in type of large size, while defendant's name and address appeared in conspicuous letters. There was no persuasive testimony that purchasers had been actually deceived. Held that, notwithstanding the resemblances of colors and form, the difference in other respects in the dress of the goods was such that there was no unfair competition.

Stone, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburgh, Judge.

Suit by the Viavi Company against the Vimedia Company and others. From a decree in favor of defendants, plaintiff appeals. Affirmed.

John A. Barnes, of Chicago, Ill., and Arthur Miller, of Kansas City, Mo. (New, Miller, Camack & Winger, of Kansas City, Mo., on the brief), for appellant.

Frank T. Brown, of Chicago, Ill., and Henry D. Ashley, of Kansas City, Mo. (Charles M. Nissen, of Kansas City, Mo., Arthur L. Sprinkle, of Chicago, Ill., and Ashley & Gilbert, of Kansas City, Mo., on the brief), for appellees.

Before CARLAND and STONE, Circuit Judges, and MUNGER, District Judge.

MUNGER, District Judge. This suit was brought to restrain unfair competition in business and to protect what was claimed to be a trade-mark and a trade-name. The appellant and its predecessors in in-

terest for many years have been engaged in making and vending proprietary medicines to which it has applied the name "Viavi." It is claimed that the name was registered as a trade-mark in 1891. The medicines are put up in bottles, in cylindrical wooden boxes, and in tin boxes, and these are inclosed in cardboard cartons of ordinary forms. The general method of sale was the procurement of local representatives, who purchased the medicines, and who were given the right of sale in limited territory. These representatives solicited customers among those supposed to be ailing, to whom the medicines were supplied for use. The goods were not sold through the ordinary means of drug and chemical stores. The defendant Fuller, with an associate, became local representatives of appellant at Kansas City, Mo., in 1899, and continued under the name of the Missouri Viavi Company, until 1903, to procure and vend the goods of appellant. In the latter year the defendant Laederich joined Fuller and his associate, and they formed a new company, called the Missouri Viavi Company, to continue the same business in a larger territory. Mr. Fuller retained this connection until 1905, when he withdrew and caused the incorporation of a company known as the Vimedia Company. It obtained the registration of the word "Vimedia" as a trade-mark in 1906. The Vimedia Company have also been engaged in the manufacture and sale of proprietary medicines of the same general type as those made by the Viavi Company. The word "Vimedia" has been applied to these medicines. They were put up in containers of the same general style as those of the rival company and were sold by the same general plan of local representatives.

The Viavi Company made and sold medicines it called "Viavi Capsules," "Viavi Suppositories," "Viavi Cerate," "Viavi Tablettes," "Viavi Liquid," "Viavi Laxative," "Viavi Pencils," and "Viavi Royal." The Vimedia Company has made and sold medicines it called "Vimedia Capsules," "Vimedia Suppositories," "Vimedia Cerate," "Vimedia Tablets," "Vimedia Liquid," "Vimedia Laxative," "Vimedia Pencils," and "Vimedia Sovereign."

[1, 2] In 1911 Laederich became a stockholder and officer in the defendant company and has been engaged in its service ever since. The suit asked the same relief against the persons made defendants as was asked against the Vimedia Company. A large amount of testimony was presented on the hearing of the issues, and the trial court entered a decree in favor of the defendants. Appellant has abandoned its claim of infringement of the trade-mark "Viavi," and it concedes that the word "Vimedia," standing alone, is not an infringement of the trade-name "Viavi"; but it asserts that an injunction should have issued against the use of the word "Vimedia," in conjunction with the words already stated, as appellations of medicines. The words "cerate," "capsules," "suppositories," "tablets," "liquid," "laxative," and "pencils" are not distinctive of appellant's medicines, nor subject to its exclusive appropriation as trade-names. They are properly descriptive of the goods, are well-known terms of trade, and were in similar use long before appellant began business; and hence the defendant company's use of the words cannot be said to be an imitation of appellant's

peculiar terms. They are similar to such words as "pills," "tonic," "lozenges," etc. The word "sovereign" is so distinct in form and suggestion to the word "royal," as applied to a medical preparation, that it cannot be called a deceptive imitation.

[3] The remaining questions relate to practices that are said to constitute unfair competition. Both of the companies use books, charts, circulars, and printed forms that have general resemblances as to contents, such as anatomical plates, descriptions of diseases and symptoms, and advice to the sick. The material used is common in the domain of the proprietary medicine business, and, as no copyright is relied upon for special protection, the plaintiff has no monopoly of these forms of expression. Atlas Mfg. Co. v. Street & Smith, 204 Fed. 398, 122 C. C. A. 568, 47 L. R. A. (N. S.) 1002; S. R. Feil Co. v. John E. Robbins Co., 220 Fed. 650, 136 C. C. A. 258; John D. Park & Sons Co. v. Hartman, 153 Fed. 24, 82 C. C. A. 158, 12 L. R. A. (N. S.) 135; Black v. Ehrich (C. C.) 44 Fed. 793.

[4] In building up the selling agencies of the Vimedia Company, some who had acted as selling agents for the Viavi Company and some who had purchased goods from it were solicited to become agents and customers of the Vimedia Company. Complaint is made that this constituted a raid upon appellant's business organization beyond the limits of fair competition. The evidence does not show any plan on the part of the defendant company to induce employés of the appellant to break contract relations with it. Inducements and persuasions were offered to those who had dealt with appellant to deal thereafter with the Vimedia Company; but it is legal business rivalry and competition for one to induce customers of one person to become patrons of another by honest persuasion, where no contract relations are threatened, else a new business establishment could rarely gain a foothold. West Virginia Transp. Co. v. Standard Oil Co., 50 W. Va. 611, 40 S. E. 591, 56 L. R. A. 804, 88 Am. St. Rep. 895; Farmers' Loan & Trust Co. v. City of Sioux Falls (C. C.) 131 Fed. 890; Passaic Print Works v. Ely & Walker Dry Goods Co., 105 Fed. 163, 44 C. C. A. 426, 62 L. R. A. 673; Lough v. Outerbridge, 143 N. Y. 271, 38 N. E. 292, 25 L. R. A. 674, 42 Am. St. Rep. 712; Johnson v. Hitchcock, 15 Johns. (N. Y.) 185.

[5] In some instances the local sellers of the Vimedia preparations have represented to prospective purchasers that the articles were the same or as good as Viavi. Apart from the question of the responsibility of the defendant company for these representations lies the fact that appellant has no patent for these medicines. In the absence of such a monopoly as a patent confers, any persons may reproduce the articles, if they can, and may sell them under the representation that they believe they are the same article, if they exclude the notion that they are the plaintiff's goods. Saxlehner v. Wagner, 216 U. S. 375, 30 Sup. Ct. 298, 54 L. Ed. 525; John D. Park & Sons Co. v. Hartman, 153 Fed. 24, 82 C. C. A. 158, 12 L. R. A. (N. S.) 135; Tabor v. Hoffman, 118 N. Y. 30, 23 N. E. 12, 16 Am. St. Rep. 740; Chadwick v. Covell, 151 Mass. 190, 23 N. E. 1068, 6 L. R. A. 839, 21 Am. St. Rep. 442; Singer Mfg. Co. v. June Mfg. Co., 163 U. S. 169, 16 Sup. Ct. 1002, 41 L. Ed. 118.

[6] Both of the companies use similar bottles, boxes, and tins to contain the medicines prepared by them, and the cartons used to inclose them have a general correspondence in form and color. The labels on the containers and cartons are also of similar sizes and colors and have the same general style of letters. There is nothing unusual or distinctive in this dress of goods. Neither the use of the same colors, or of the same form of containing vessels, cartons, or labels, alone constitutes unfair competition, when such features are in common use in the trade, and especially when these features serve purposes of utility, convenience, or attraction. P. Lorillard Co. v. Peper, 86 Fed. 956, 30 C. C. A. 496; Globe-Wernicke Co. v. Fred Macey Co., 119 Fed. 696, 56 C. C. A. 304; Marvel Co. v. Pearl, 133 Fed. 160, 66 C. C. A. 226; Sterling Remedy Co. v. Eureka Chemical & Manufacturing Co., 80 Fed. 105, 25 C. C. A. 314.

[7] The forms of these containers are such as are naturally suggested by the necessities of the business in which they are used, and the pale yellow color of the cartons, the yellow labels with black letters, and the white labels with black letters present no unusual characteristics. The engraved scrolls and symbols appearing on the Viavi Company's goods have not been copied, nor does the word "Viavi" appear thereon. The paper used for labels and to cover all cartons by the defendant company has imprinted upon it in diagonal lines the word "Vimedia," constantly repeated, so that the word occurs 36 times on each square inch. The word "Vimedia" is printed in type of large size on each container and carton. On appellant's goods appears the legend that they are prepared by the Viavi Company, Incorporated, at San Francisco, Cal., U. S. A., and at Windsor, Ont., Can., while on defendant company's goods appears the legend in equally conspicuous letters that they are prepared by the Vimedia Company, Kansas City, Mo., U. S. A., Windsor, Ont., Can.

There is no presuasive testimony that purchasers have actually been deceived by any confusion of the goods. Notwithstanding the resemblances of colors and forms, the difference in other respects in the dress of the goods is such as to persuade that no one of ordinary intelligence will be deceived. Coats v. Merrick Thread Co., 149 U. S. 562, 13 Sup. Ct. 966, 37 L. Ed. 847; Singer Mfg. Co. v. June Mfg. Co., 163 U. S. 169, 16 Sup. Ct. 1002, 41 L. Ed. 118; Kann v. Diamond Steel Co., 89 Fed. 706, 32 C. C. A. 324; P. Lorillard Co. v. Peper, 86 Fed. 956, 30 C. C. A. 496; Proctor & Gamble Co. v. Globe Refining Co., 92 Fed. 357, 34 C. C. A. 405; S. R. Feil Co. v. John E. Robbins Co., 220 Fed. 650, 136 C. C. A. 258; Wolf Bros. & Co. v. Hamilton-Brown Shoe Co., 206 Fed. 611, 124 C. C. A. 409.

We think the decree of the lower court is right and should be affirmed.

STONE, Circuit Judge (dissenting). The appellees had been closely associated and were intimately acquainted with the entire business of appellant in all its methods, phases, and results. They started out to compete in the same field. There is no question in my mind of their

close and intentional imitation of appellant's business methods, packages, and literature, in outline and in many details. Everywhere are earmarks suggesting a consciousness that the imitation could not lawfully be exact, joined to an executed intention of going to the very edge of what they deemed lawful imitation. While it may be that the form of many of the packages is utilitarian, that some of the business methods are open to public use, and that the name is slightly different, yet it is remarkable that such similitude in name, color of package, contents, and arrangement of literature could have been employed for any reason, except to confuse the present or prospective customers of appellant. This evident intention on the part of persons skilled in the trade and familiar with appellant's business and customers, when joined to actual instances of confusion on the part of such customers, as is shown by the evidence, makes a case of intentional and successful unfair competition.