**METROPOLIS BENDING CO. et al. v. BRANDWEN.**

Civil Action No. 2679.

United States District Court
M. D. Pennsylvania.

Sept. 7, 1948.

McNees, Wallace & Nurick, of Harrisburg, Pa., and Sydney C. Perell, of Stamford, Conn., for plaintiffs.

Matthew D. Mackie and Welles, Mackie, Mumford & Law, all of Scranton, Pa., for defendant.

MURPHY, District Judge.

Defendant moves to dismiss plaintiffs' action and in the alternative for a more definite statement and to strike impertinent matter. Defendant contends (a) failure to state a claim upon which relief can be granted; (b) lack of jurisdiction of the subject matter.

To the pleadings is assigned the task of general notice giving, whereas narrowing and clarifying the basic issues between the parties, ascertaining the facts or information as to the existence or whereabouts of facts relative to those issues is the role of the deposition-discovery process aided by the pre-trial hearing. Hickman v. Taylor, 329 U.S. 495, 500, 67 S.Ct. 385, 91 L.Ed. 451. Evidence need not be plead. All that is required is a short and plain statement of the claim showing that the pleader is entitled to relief; each averment to be simple, concise and direct; technicality is not required. Sierocinski v. E. I. Du Pont De Nemours & Co., 3 Cir., 1939, 103 F.2d 843.

Construing the pleading so as to do substantial justice, considering as admitted all well plead allegations and testing them not by the way the facts may turn out or by what decision may ultimately be made on the merits (Aralac Inc. v. Hat Corporation of America, 3 Cir., 1948, 166 F.2d 286), we are of the opinion that The Babee-Tenda Corporation (herein called B) states a claim as to unfair competition upon which relief can be granted. As to the other plaintiffs, The Metropolis Bending Company and The Fort Massac Chair Company (herein called M and F respectively) we reserve decision until plaintiffs file an amended pleading in accordance with this opinion.

Plaintiff B and defendant are trade rivals in the manufacture and sale of safety chairs for babies. Plaintiff B and his licensors and assignors preceded defendant in this field. Plaintiffs complain as to defendant's good faith in entering and continuing in such competition, of the means employed by him in obtaining knowledge and thereafter of his imitation of plaintiffs' design, advertising and distribution methods, of the way he has obtained some of his employees and the manner in which he conducts his business.

While the complaint is equivocal, plaintiffs' brief concedes there is no claim for patent infringement. Plaintiffs plead no claim of statutory trade mark infringement, 15 U.S.C.A. § 96, or of statutory copyright infringement, 17 U.S.C.A. § 25, and Rule 2 following said section; Rule 81(a) (1), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c;

298 of the Law of Torts.

298

no claim for bad faith under Section 709, Vol. 3, Restatement of the Law of Torts.

▮▮▮ Plaintiff B does plead a claim, whether it can support it or not is not our province at this time to decide, of unfair trade practices and unfair competition. To buttress this claim plaintiff has plead:

1. As to fraudulent marketing. See Section 712, Vol. 3, Restatement, supra; see also p. 544 et seq.

2. As to certain acts of defendant about which complaint has been made relative to the trade mark. See F. W. Fitch Co. v. Camille Inc., 8 Cir., 1939, 106 F.2d 635, 639; Section 717, Section 727, and Comment b, p. 588, Vol. 3, Restatement, supra.

3. Imitation of design. See Note 150 A.L.R. 1067 at 1112; Section 741b (ii) and Comment J, p. 628; also Section 742, Vol. 3, Restatement, supra. In this regard, the amended complaint must set forth whether the features allegedly imitated are functional or non-functional and whether or not they had acquired a secondary meaning. If functional, see M. J. Lewis Products Co. v. Lewis, D.C.E.D.Pa.1931, 57 F.2d 886, 888; if non-functional, see Gum Inc. v. Gumakers of America, Inc., 3 Cir., 1943, 136 F.2d 957; Crescent Tool Co. v. Kilborn & Bishop Co., 2 Cir., 1917, 247 F. 299 at 300.

4. As to copying plaintiffs' advertising. Here again in the amended complaint attention must be given to the question of secondary meaning. See Notes 17 A.L.R. 760, 30 A.L.R. 615; International Heating Co. v. Oliver Oil Gas Burner & Machine Co., 288 F. 708, 30 A.L.R. 611; General Baking Co. v. Grocers Baking Co., D.C.Ky.1933, 3 F.Supp. 146, 149; Nims on Unfair Competition and Trade Marks, 3rd Ed., Section 291, p. 784 et seq.; Charles H. Elliott Co. v. Skillkrafters, Inc., 1921, 271 Pa. 185, 187, 114 A. 488; cf. Philadelphia Dairy Products v. Quaker City Ice Cream Co., 1931, 306 Pa. 164, 159 A. 3, 84 A.L.R. 466; United States Ozone Co. v. United States Ozone Co. of America, 7 Cir., 1933, 62 F.2d 881 at 887; see generally "Advertising and the Public Interest", Yale L. Jnl. Vol. 57, p. 1165, No. 7, June 1948.

5. As to copying plaintiffs' method of distribution. See Moore v. Ford Motor Co., 2 Cir., 1930, 43 F.2d 685; Kaeser & Blair

Inc., v. Merchant Ass'n Inc., 6 Cir., 1933, 64 F.2d 575, 576. "It is not unfair practice to use a method that some one else has devised and found effective. * * * It is the doing of an act which misleads or is intended to mislead the public as to the origin of the goods that is unfair competition." Viavi Co. v. Vimedia Co., 8 Cir., 1917, 245 F. 289, 292.

6. As to the copyright. See Nims etc., supra, Section 276, p. 736.

7. Trade secrets and other business information. See Sections 757 and 759, Vol. 4, Restatement, supra; see Note 42 Harv. L.Rev. 254.

8. Inducing breach of contract or severance of employment relations. See Section 766, Vol. 4, Restatement, supra; Note 84 A.L.R. 43 and 47.

9. Trade libel and disparagement. A false statement that a competitor is about to discontinue business may be slanderous per se. See Nims, supra, Section 291e, p. 791; Black & Yates Inc. v. Mahogany Ass'n Inc., 3 Cir., 1942, 129 F.2d 227, 148 A.L.R. 841, certiorari denied 317 U.S. 672, 63 S.Ct. 76, 87 L.Ed. 539; Edwin L. Weingand Co. v. Harold E. Trent Co., 3 Cir., 1941, 122 F.2d 920, 924, certiorari denied 316 U.S. 667, 62 S.Ct. 1033, 86 L.Ed. 1743; Nims, "Unfair Competition by False, Statements or Disparagement," 19 Cornell Law Quarterly, 63–70; Vol. 3, Restatement, supra, Sections 626, 629 and Comment e, p. 341; Erick Bowman Remedy Co. Inc. v. Jensen Salsberry Laboratories Inc., 8 Cir., 1926, 17 F.2d 255.

10. Passing off oneself as agent of another is a form of falsehood. Nims, etc., supra, p. 794; Ford Motor Co. v. Benjamin E. Boone Inc., 9 Cir., 1917, 244 F. 335.

11. As to the Virginia sale. See Section 760, Vol. 4, Restatement, supra; B.V. D. Co. Inc. v. Davega-City Radio, Inc., D.C.N.Y.1936, 16 F.Supp 659.

▮▮▮ While failure to state each claim separately is no longer ground for dismissal, it is better practice to do so. Ford Motor Co. v. McFarland, D.C.Wash.1939, 29 F.Supp. 303.

▮▮▮ In the amended complaint attention should be given to whether or not the recommendations and the public demand

have been directed to the safety chair as opposed to the old fashioned high chair, or whether they have been directed to the plaintiffs' product as such as preferable to other safety chairs.

Plaintiffs are separate and distinct corporations having a common president. Averment as to jurisdictional amount is restricted to $3000 exclusive of interest and costs. See Section 24(1) of the Judicial Code, 28 U.S.C.A. § 41(1).

■ The settled rule is that when two or more plaintiffs have separate and distinct demands united in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount, but when several plaintiffs unite to enforce a single title or right in which they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount. Pinel v. Pinel, 1916, 240 U.S. 594, 36 S.Ct. 416, 60 L.Ed. 817; Clark v. Paul Gray Inc., 1939, 306 U. S. 583, 588, 589, 59 S.Ct. 744, 83 L.Ed. 1001; Black & Yates, Inc. v. Mahogany Ass'n Inc., supra, 129 F.2d at 236; Sturgeon v. Great Lakes Steel Corporation, 6 Cir., 1944, 143 F.2d 819, 821.

There is nothing in the complaint to indicate any damage to any single title or right in which all three plaintiffs have a common undivided interest. B is exclusive licensee to manufacture and sell, and assignee of the trade mark, trade name and the good will incident thereto; M and F own two Letters Patent to certain features of the product; F owns the copyright to "The Babee-Tenda Sales Manual". If under Par. 10, M and F have rights as distributors to sell in conflict with or in mitigation of B's exclusive rights, such rights should be clarified in the amended complaint.

■ The claim for relief therefore rests upon a charge of unfair competition. In such cases B alone would be the proper party plaintiff as to the period from November 1943. Ainsworth v. Gill Glass & Fixture Co., 3 Cir., 1939, 106 F.2d 491, 495. As to the period between October 1942 and November 1943, did the assignment of the good will cover whatever claim could be made therefor? If M and F are asserting

any right for that period a distinction must be made between their claim as joint owners of the patent and the product and F's individual ownership of the trade mark and good will, as well as F's claim as owner of the copyright.

The doctrine of Hurn v. Oursler, 1933, 289 U.S. 238, 246, 53 S.Ct. 586, 77 L.Ed. 1148, and Armstrong Paint and Varnish Works v. Nu-Enamel Corporation, 1938, 305 U.S. 315, 324, 59 S.Ct. 191, 195, 83 L. Ed. 195, do not apply because here we find the federal claim as to the trade mark plainly wanting in substance and not properly plead as to copyright infringement. Unless in the amended complaint plaintiffs show otherwise, the only proper party plaintiff would be B, and the jurisdictional amount present. Even if F were joined, the claim as to statutory copyright infringement would be separate and distinct; no statement of amount in controversy would be required. Judicial Code, § 24(7), 28 U.S.C.A. § 41(7). If M and F are to remain as plaintiffs claiming unfair competition, they must show in the amended complaint the right to do so.

The request for dismissal of the action is denied. In the light of the foregoing, a new complaint should be drawn. Likewise refused is the request of defendant for evidentiary details and his request that plaintiff be required to file a bond.

Par. 36 of the complaint is stricken as containing impertinent matter.

■ Attention is called to the fact that if plaintiffs' claim for relief is to be based upon unfair competition, attention should be given in drawing the amended complaint to averment of the place of commission of the several torts upon which plaintiffs rely for relief. See Note, Conflict of Laws in Trade Mark Infringement and Unfair Competition, 148 A.L.R. 139; Black & Yates Inc. v. Mahogany Ass'n, supra; National Fruit Product Co. Inc. v. Dwinell-Wright Co., D.C.Mass.1942, 47 F. Supp. 499; Zephyr American Corporation v. Bates Mfg. Co., 1942, 3 Cir., 128 F.2d 380; Cridlebaugh v. Rudolph, 3 Cir., 1942, 131 F.2d 795; Adam Hat Stores Inc. v. Lefco, 3 Cir., 1943, 134 F.2d 101; Skinner Mfg. Co. v. General Food Sales Co., D.C.

Neb.1943, 52 F.Supp. 432, 439; Fashion Originators' Guild of America Inc. v. Federal Trade Commission, 1941, 312 U.S. 457, 468, 668, 61 S.Ct. 703, 85 L.Ed. 949; Pecheur Lozenge Co. Inc. v. National Candy Co. Inc., 1942, 315 U.S. 666, 667, 62 S.Ct. 853, 86 L.Ed. 1103; Klaxon Co. v. Stentor Electric Mfg. Co. Inc., 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477.

For a discussion of the action for unfair competition generally see our recent opinion in Lone Ranger Inc., v. Curry, 79 F. Supp. 190.

An order in compliance with this opinion will be filed this date.

### Order.

The motion of defendant to dismiss plaintiffs' complaint is denied.

Defendant's motion to strike Paragraph 36 of the complaint as impertinent is granted.

Plaintiffs are ordered to file a more definite statement within ten (10) days from service hereof; the defendant to file a responsive answer within ten (10) days of service of the amended complaint.